# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HUSTLE INDUSTRIES, LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:18-cv-00729-NKL |
| BIMBO FOODS BAKERIES DISTRIBUTION, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court are plaintiffs Hustle Industries, LLC and Robert Holcomb's motion to remand, Doc. 9, International Brotherhood Teamsters Local Union No. 955's motion to dismiss, Doc. 7, and Bimbo Foods Bakeries Distribution, LLC and Bimbo Bakeries USA, Inc.'s motion to dismiss, Doc. 17. For the following reasons, Plaintiffs' motion to remand is granted, and Defendants' motions to dismiss are denied for lack of subject matter jurisdiction.

## I.  Background

On August 15, 2018, plaintiffs Hustle Industries, LLC and Robert Holcomb filed suit in the Sixteenth Judicial Circuit Court of Jackson County, Missouri against defendants Bimbo Foods Bakeries Distribution, LLC, Bimbo Bakeries USA, Inc., the International Brotherhood Teamsters Local Union No. 955, and five unnamed individuals, nominally referred to in the Petition as John Does 1–5. The Petition alleges that the Bimbo Defendants conspired with the Union to steal Plaintiffs' exclusive right to sell and distribute Bimbo bakery products to certain retail outlets, a right that Mr. Holcomb purchased from Bimbo through an executed bill-of-sale and corresponding Distribution Agreement.

On September 14, 2018, the Bimbo Defendants removed the case to federal court on diversity jurisdiction grounds, arguing that the Union was fraudulently joined. The Union then filed a memorandum in support of the Bimbo Defendants' notice of removal arguing that Plaintiffs' tortious interference claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), such that federal question jurisdiction exists. Shortly thereafter, Bimbo amended its notice of removal to incorporate the arguments made by the Union, arguing that this Court has both diversity and federal question jurisdiction over Plaintiffs' claims. Plaintiffs then filed their motion to remand.

## II. Discussion

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Removal to federal court is only proper when the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). Defendants, as the parties seeking removal and opposing remand, must present facts supporting jurisdiction by a preponderance of the evidence. *Schubert v. Auto Owners Ins., Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Any doubt about the propriety of federal jurisdiction must be resolved in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331 "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Defendants argue that the Court has

federal question jurisdiction because Plaintiffs' conversion, tortious interference, malicious trespass, and conspiracy claims are preempted by section 301 of the LMRA.

However, "complete preemption" under section 301 of the LMRA "occurs only when a plaintiff's claim itself is [1] based on rights created directly by, or [2] substantially dependent on an analysis of, a collective bargaining agreement." *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998); *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) ("A substantially dependent claim under the LMRA is one that requires the interpretation of some specific provision of a [CBA].") (quotation and alteration omitted). When the meaning of a CBA is not substantially the subject of a dispute, "the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

There is no CBA setting forth the rights upon which Plaintiffs have based their claims. Plaintiffs are not covered by any labor agreement, are not members of a union, and are not employees of Bimbo. Rather, Plaintiffs' claims are founded on rights created by state law. Consequently, Plaintiffs' claims may only be preempted by section 301 if interpretation of a specific provision of the CBA between Bimbo and the Union is required. *See Boldt*, 904 F.3d at 590.

Thus, as the parties seeking removal and opposing remand on the theory of section 301 preemption, Defendants must show that Plaintiffs' claims require "interpretation of some specific provision of a [CBA]" to establish federal question jurisdiction. *Boldt*, 904 F.3d at 590; *Markham v. Wertin*, 861 F.3d 748, 755 (8th Cir. 2017) (describing a claim as "substantially dependent on"/"inextricably intertwined" with a CBA when its resolution requires "the interpretation of some specific provision of a CBA").

First, Defendants argue that Plaintiffs' conversion, tortious interference, and malicious trespass claims are preempted by section 301 because the Court would need to analyze the terms of the CBA between the Union and Bimbo to determine whether the Union's conduct was unlawful or improper. However, questions about a defendant's conduct and motives are questions of fact that "do not require interpretation of [a CBA]." *Thomas v. Union Pacific Railway Co.*, 308 F.3d 891, 893 (8th Cir. 2002). To the extent that the CBA is relevant to Defendants' defense, it is still insufficient to confer federal jurisdiction. *Markham*, 861 F.3d at 754; *Bush v. St. Louis Reg'l Convention*, No. 4:16CV250 JCH, 2016 WL 3125869, at *2, n.4 (E.D. Mo. June 3, 2016) ("The Court must be careful to ensure that interpretation of the CBA is required by Plaintiff's claims themselves, and not by a defense injected by Defendant.").

Next, Defendants argue that Plaintiffs' conspiracy claim is preempted by section 301 because "the alleged 'agreement' and lynchpin of Plaintiffs' conspiracy claim is the CBA" between Bimbo and the Union. Doc. 19 (Union's Suggestions in Opposition to Plaintiffs' Motion to Remand), p. 8. But this simply conflates a "meeting of the minds" for purposes of establishing a conspiracy, with a contract. The fact that Plaintiffs allege that Defendants "agreed and coordinated together and with each other to convert Plaintiffs' property . . ." does not necessitate a need to analyze the terms of Defendants' CBA. Doc. 1-1 (Petition), ¶ 200. Insofar as Defendants' alleged conspiracy was memorialized in their CBA, the contract would be void and not one to which section 301 applies. *Rice v. James*, 844 S.W.2d 64, 69 (Mo. Ct. App. 1992); *see also Navarro v. Am. Nat. Skyline Inc. of Mo.*, 998 F.Supp. 2d 833, 836 (E.D. Mo. 2014) ("§ 301 does not grant the parties to a [CBA] the ability to contract for what is illegal under state law") (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985)).

Moreover, Defendants have not identified any "specific provision" of the CBA between Bimbo and the Union requiring interpretation. *See Boldt*, 904 F.3d at 590. Even if the Court were to assume the need to consult Defendants' CBA generally, preemption would not be required. *See Markham*, 861 F.3d at 755 ("'When the meaning of contract terms is not the subject of dispute,' mere reference to or consultation of a CBA 'plainly does not require the claim to be extinguished.'") (citing *Livadas*, 512 U.S. at 124); *Gore v. Trans World Airlines*, 210 F.3d 944, 949 (8th Cir. 2000) ("mere need to reference or consult a collective bargaining agreement during the course of state court litigation does not require preemption").

Therefore, Defendants have not met their burden of proving that Plaintiffs' claims are "inextricably intertwined" or otherwise "dependent upon analysis" of a CBA. Accordingly, the Court lacks federal question jurisdiction over this matter.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and is between "citizens of different States." However, a defendant's right of removal "cannot be defeated by a fraudulent joinder of a resident defendant" having no real connection with the controversy. *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (internal quotation omitted). "Fraudulent joinder" is the "filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). A defendant seeking removal on this basis must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (quoting *Filla*, 336

F.3d at 810). Thus, a defendant who alleges fraudulent joinder must "do more than merely prove that the plaintiff's claims should be dismissed pursuant to a Rule 12(b)(6) motion." *Id.* at 980.

The Bimbo Defendants argue that diversity jurisdiction exists because non-diverse, defendant, the Union, was fraudulently joined.[1] Specifically, the Bimbo Defendants argue that because the Union is an unincorporated association, it cannot be sued in its common or associated name.[2]

However, "[a]n unincorporated association may conduct business as an entity in such a way as to lead others to rely to their detriment upon such status, and under those circumstances the association should be and will be estopped to deny an entity status." *State ex rel. Missouri State High Sch. Activities Ass'n v. Ruddy*, 643 S.W.2d 596, 599 (Mo. 1983). In other words, there are circumstances under Missouri law in which an unincorporated association, such as the Union, can be sued in its common name. *See id.*

Moreover, even if the doctrine of estoppel is inapplicable, that does not mean that the members of the Union cannot be held liable in their representative capacity. *White v. Quisenberry*, 14 F.R.D. 348, 349 (W.D. Mo. 1953). In assessing diversity, regardless of whether the Union, or its members, is named in the caption, the Court must consider the citizenship of all of the Union members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'"); *Truck Ins. Exch. v. Dow Chem. Co.*, 331 F. Supp. 323, 325 (W.D. Mo.

---

[1] For purposes of determining diversity, Plaintiffs are citizens of Missouri; the Bimbo Defendants are citizens of Delaware and Pennsylvania; and the Union is a citizen of Missouri. Plaintiffs' allegations concerning defendants "John Does 1–5" are disregarded. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").

[2] The Union, notably, does not argue fraudulent joinder in response to Plaintiffs' motion to remand.

1971) (adhering to the "prevailing" rule that an unincorporated association's citizenship is that of "each of its members"). Plaintiffs allege that the vast majority of the Union's members are residents of Missouri; Defendants have not shown otherwise. The Court will not decide whether the doctrine of estoppel is applicable, or whether Plaintiffs instead intended to, or should have, sued the Union in its representative capacity. The question of whether the Union or its members is the real party in interest is a question left to the state court. In either event, there is a reasonable basis in fact and law supporting Plaintiffs' claims against the Union.

Accordingly, the Court is without jurisdiction to consider Plaintiffs' claims, and the case must be remanded.

### C. Request for Attorneys' Fees and Costs

In their motion to remand, Plaintiffs request payment of just costs, including attorneys' fees pursuant to 28 U.S.C. § 1447(c). Doc. 10 (Suggestions in Support of Plaintiffs' Motion to Remand), pp. 15–16. In *Martin v. Franklin Capital Corp.* the Supreme Court determined district courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. 132, 141 (2005). Here, as set forth above, Defendants had an objectively reasonable basis for seeking removal of this matter. Accordingly, Plaintiffs' request for an award of costs and fees is denied.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand, Doc. 9, is granted. However, Plaintiffs' request for attorneys' fees and costs is denied. Defendants' motions to dismiss, Docs.

7 and 17, are denied for lack of subject matter jurisdiction. The case is remanded to the Sixteenth Judicial Circuit Court of Jackson County, Missouri for all further proceedings.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 15, 2018
Jefferson City, Missouri